**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CHARLES GRUVER,

        Plaintiff,                                 CASE NO.:

vs.

MIDLAND CREDIT MANAGEMENT, INC.,

        Defendant.

_____/

## COMPLAINT

1.     Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.     Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3.     The alleged violations described herein occurred in Pasco County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

4.     Plaintiff is a natural person, and citizen of the State of Florida, residing in Pasco County, Florida

5.     Plaintiff is a "consumer" as defined in Florida Statute 559.55(2) and 15 U.S.C. § 1692(a)(3).

6.      Plaintiff is an "alleged debtor."

7.      Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

2.      At all times material hereto, Defendant was and is a foreign corporation, authorized to conduct business and conducting business in California, with its principal office at 3111 Camino Del Rio North, Suite 1300, San Diego, California, 92108.

3.      Defendant is a "debt collector" as defined by Florida Statute § 559.55(6) and 15 U.S.C. § 1692(a)(6).

4.      The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1) and U.S.C. § 1692(a)(5).

5.      Plaintiff is the regular user and carrier of the cellular telephone number at issue, (727) 204-6008, and was the called party and recipient of Defendant's above described calls.

6.      In or about January of 2013, Plaintiff received a telephone call to his aforementioned cellular telephone number, from Defendant seeking to recover a debt from an individual named "Rodney Robertson." Plaintiff immediately informed Defendant that they he was not "Rodney Robertson," that he did not know "Rodney Robertson," that they had the wrong number, and to stop calling.

7.      From approximately January 2013 through the filing of this Complaint, Defendant has continued to call Plaintiff's aforementioned cellular telephone number, despite being informed that they had the wrong number.

8.      On numerous occasions, including February 2, 2014, and February 3, 2014 Plaintiff has answered Defendant's call, informing them that they have the wrong number, and to stop calling him.

9.      Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite not having his express permission to call his cellular telephone number.

10.     Defendant called the Plaintiff approximately twenty (20) times since January 2013, in an attempt to collect a debt.

11.     Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

12.     Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

13.     Defendant's repeated attempts to collect a debt from Plaintiff, despite being informed by the Plaintiff that he was not "Rodney Robertson" and had never incurred such debt, lead Plaintiff to think that the Defendant believes he is lying, and that the only means of stopping the harassment is to pay the debt.

14.     On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention

15.     Each call Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

16.     Each call Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

17.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

18.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the incorrect number.

19.     Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to Defendant that they are the wrong party.

20.     Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

21.     Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people.

22.     Defendant has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

23.     Defendant's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

24.     Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

25.     Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

26.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

27.     Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

28.     Plaintiff incorporates Paragraphs one (1) through twenty-seven (27).

29.     Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

30.     Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

31.     Plaintiff incorporates Paragraphs one (1) through twenty-seven (27).

32.     At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

33.     Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass.

5

34.     Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass.

35.     Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

36.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the FDCPA)

37.     Plaintiff incorporates Paragraphs one (1) through twenty-seven (27).

38.     Plaintiff has been the object of collection activity by Defendant arising from an alleged consumer debt.

39.     Defendant is a "debt collector" as defined by the FDCPA.

40.     Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692d(5) by causing Plaintiff's telephone to ring or engaging Plaintiff in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff at the called number.

41.     Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692d(6) by calling Plaintiff's aforementioned cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to provide a meaningful disclosure of its identity.

6

42.     Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692e(2) by engaging in conduct that misrepresents the character, amount of legal status of the alleged debt.

43.     Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692e(11) by calling Plaintiff's aforementioned cellular telephone number, and failing to inform Plaintiff that the calls were from a debt collector, attempting to collect a debt.

44.     Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff.

45.     Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692g(a) by failing to send Plaintiff the required written validation notice within five (5) days of the initial communication.

**WHEREFORE,** Plaintiff respectfully demands judgment against Defendant for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorney fees, costs, interest and such other relief as this Court deems just and proper.


Respectfully submitted,


s/*Amanda Allen*
Amanda Allen, Esquire
Morgan & Morgan, Tampa,  P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
Fax:  (813) 223-5402
AAllen@ForThePeople.com
Florida Bar #:  0098228
Attorney for Plaintiff